## A91A0434. STEVENS v. THE STATE.
### (405 SE2d 713)

BIRDSONG, Presiding Judge.

Rufus Stevens appeals his judgment of conviction of two counts of sale of cocaine in violation of the Georgia Controlled Substances Act and the sentence. He enumerates five errors. *Held*:

1. Appellant's assertion that the trial court erred when it failed to disclose the identity of the confidential informant in response to a timely motion to disclose is without merit.

In the case at bar, the evidence at the motion to disclose hearing shows, regarding the two alleged drug sales, that the confidential informant was not located where he could witness one of these sales; and, that the confidential informant was not observed actually witnessing the other sale, although perhaps he could have done so from his vantage point approximately a car length away. Further, appellant testified at trial that prior to being held in jail pending trial on an unrelated DUI charge the only two times he saw the undercover agent, the agent was in the presence of a man named Dean Holmes and no drug sales occurred. Dean Holmes testified as a defense witness. After initially testifying that no drug sales occurred between appellant and the undercover agent during the three occasions when he was present, Holmes subsequently recalled appellant had sold drugs to the undercover agent on one occasion.

This case is factually distinguishable from *Moore v. State*, 187 Ga. App. 387, 391 (370 SE2d 511), where the evidence established the informant actually witnessed the contested drug sale and was at the time of trial " 'the only witness in a position to amplify or contradict the testimony' of the appellant and the police officer." An absolute privilege against disclosure in every case involving an informer is impermissible. See generally *Thornton v. State*, 238 Ga. 160, 163 (2) (231 SE2d 729). However, after examining the record in its entirety and applying the balancing test of *Roviaro v. United States*, 353 U. S. 53 (77 SC 623, 1 LE2d 639), we find that the trial court did not err.

2. Appellant asserts that he was provided ineffective assistance of counsel prior to and during trial of this case in violation of the Georgia Constitution and the Sixth and Fourteenth Amendments of the United States Constitution.

When appellant's case was assigned for trial on April 9, 1990, appellant sent word to the court that he did not have an attorney. The court, having appointed counsel for appellant who had claimed entitlement thereto as an indigent, elected to hold a hearing into the assertion. At the hearing appellant in essence argued he had been denied adequate representation by counsel, as the latter had not conferred with him about the case prior to trial and had neither ob-

tained from him nor considered information which appellant believed necessary to the presentation of his defense. See generally *Hawes v. State*, 240 Ga. 327, 328 (1) (240 SE2d 833).

" 'Effective assistance does not mean that a defendant is entitled to have the best counsel appointed, or any particular counsel, but it does mean that he must have such assistance as will assure him due process of law.' " *Hawes*, supra at 330. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). At the hearing, the trial court initially relieved appointed counsel, but following receipt of additional information regarding counsel's consultations with appellant, reappointed counsel to represent him. The trial court's tacit findings regarding consultation between appellant and his appointed counsel were not clearly erroneous and we have no basis for overturning these findings on appeal. Moreover, appellant failed to make a showing of inadequate representation as required by the first prong of the two-prong rule of *Strickland v. Washington*, supra, particularly in view of the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The trial court did not err in failing to relieve counsel of his representation of appellant at the hearing.

Appellant next asserts the trial court, however, compelled him to proceed to trial without benefit of counsel and to represent himself. The trial court in its order denying appellant's motion for new trial pertinently found that appellant "after explanation of the consequences to him of self-representation, elected to proceed pro se. The court appointed stand-by counsel to assist [appellant] whenever he desired. . . .The court again finds that trial counsel was not ineffective and that the decision of [appellant] to proceed pro se was his choice, freely and knowingly made."

Appellant never expressly stated: "I waive my right to counsel and desire to represent myself at trial." However, the hearing transcript reflects the following: "THE COURT: You're entitled to be represented by counsel, of course. [DEFENDANT]: Yes, sir. THE COURT: But you're not entitled to be represented by counsel of your choosing unless you pay for it. And you're an indigent . . . and the court has so determined. . . . The court feels that [counsel] has adequately prepared your case. . . . Now, I'm going to revoke the court's previous order where I relieved [counsel] and I'm going to reinstate him as your attorney. You can use him if you want to or you can not use him. You can represent yourself. But I'm not going to appoint another attorney for you. *So you either use [reinstated counsel] or you represent yourself.* The court doesn't ever recommend anyone represent themselves because . . . in the first place you're not skilled in the law and it's a very difficult thing for you to do to separate your

emotions for the rest of it. . . . You can't do the job that counsel can do for you. *But its your privilege under the Constitution of the United States to represent yourself or to have court-appointed counsel who is competent and who will reasonably effectively carry out his duties.* . . . The court has no reason whatever to disqualify [appointed counsel]. So I'm leaving him as counsel, *use him or not use him, whichever you prefer.* . . . I will try you next week or the week after. . . . And if you want me to send the notices to [appointed counsel], I'll do so. *If you want me to send to you as pro se, I'll send them to you. Whatever you —* [DEFENDANT]: *I would appreciate it if you send them to me.* . . . THE COURT: *All right, sir. We'll send notices — the court leaves [appointed counsel] in the case. We'll send the notices to both [appointed counsel] and to [appellant] for the trial date.*" (Emphasis supplied.) At trial, 17 days later, appellant announced he was ready to proceed subject to the availability of his two witnesses who were present and ultimately testified as defense witnesses. Appointed counsel was present and announced on the record, without contradiction or objection from appellant, that the public defender investigator had been working with appellant on obtaining his witnesses; that appointed counsel "went over and talked to [defendant], he told me that he didn't want to talk to me, we had made available the services of the public defender office." Thereupon, the trial court stated, "well, the court again would remind [defendant] that they're available to him to give him legal advice as he requested or such other advice as he may seek from you, but he is responsible for the trial of the case himself."

During his testimony, appellant declined the assistance of appointed counsel to question him and was allowed the latitude by the trial court of presenting his testimony in narrative statement form.

*Clarke v. Zant*, 247 Ga. 194 (275 SE2d 49) is the seminal case in this state regarding whether an accused has adequately waived his right to counsel and elected to exercise his constitutional right to represent himself. *Clarke*, supra at 196, cites the waiver standard set by *Johnson v. Zerbst*, 304 U. S. 458 (58 SC 1019, 82 LE 1461) and applied in *Taylor v. Ricketts*, 239 Ga. 501 (238 SE2d 52). Failure to make affirmative findings in the exact language of *Clarke* is not per se error; each case must be decided on its own peculiar facts and circumstances (*Wilson v. State*, 196 Ga. App. 787 (2) (397 SE2d 59); accord *Harris v. State*, 196 Ga. App. 796 (1) (397 SE2d 68)), "including the background, experience, and *conduct* of the accused" (emphasis supplied) *Clarke*, supra at 196. The record when examined in toto reveals that appellant requested to have his appointed counsel relieved and when this failed, by a combination of words and conduct, elected voluntarily, knowingly, and intelligently to represent himself after adequately being advised, by the trial court during the hearing on his

request, of his right to appointed counsel and of the perils of self-representation. Appellant's conduct throughout trial was consistent with this election, and we will not reverse the trial court's finding that the election was freely and knowingly made. Compare *Tucker v. State*, 173 Ga. App. 742 (327 SE2d 852).

*Clarke*, supra at 196, also suggests that it would be appropriate for the trial court's determination, regarding whether an intelligent and competent waiver of counsel has been made, to appear upon the record. In this case, the trial court's determination is found, within the record, in its order denying the motion for new trial, as amended, and this is sufficient.

3. Appellant's remaining enumerations of error and assertions are without merit. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in this light reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 17, 1991.

Merritt & Rose, *C. Nathaniel Merritt*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.