S92A0245. DUFFY v. THE STATE.
(416 SE2d 734)

SEARS-COLLINS, Justice.

Mario Duffy and two others beat Ricky Paige to death after a dispute over crack cocaine. Duffy was convicted of felony murder and now appeals.[1]

---

[1] The crime occurred on February 2, 1990. The appellant was indicted for the offenses of

The victim had been in an apartment with Carmella Brownlee. Brownlee left the apartment and returned with Rictor Cook, who was visiting a relative, Geisha Shannon, who also lived at the apartment complex. Cook had sex with Brownlee in exchange for crack cocaine. After Cook left Brownlee's bedroom, he encountered the victim in the kitchen. A fight ensued. Brownlee ran to the door of her apartment and yelled for help. Mario Duffy, Apollo Bailey, and several others ran into the apartment in response to Brownlee's call. Duffy, Bailey and Cook chased the victim out of the apartment and over a fence into a field. Once there, the threesome kicked, bludgeoned and stoned the victim to death in the presence of a number of witnesses.

Early the next morning, police officers found the victim's body lying where it had been left the day before. Later that day Cook admitted to Geisha Shannon that he had beaten the victim.

1. Duffy claims that the trial court erred in charging the jury on the law of conspiracy because the state did not show any overt acts to confirm the existence of an agreement between Duffy, Bailey and Cook to pursue a criminal objective. Moreover, Duffy complains that it was error to admit testimony of Geisha Shannon regarding a statement made by Duffy's co-conspirator implicating Duffy. We find no merit in either of these contentions.

It is not necessary to prove an express agreement between two co-conspirators in order to prove the existence of a conspiracy. The state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective. *Kilgore v. State*, 251 Ga. 291 (305 SE2d 82) (1983). Conduct of co-conspirators, i.e., conduct which discloses a common design, may give rise to an inference of a conspiracy. *Tookes v. State*, 159 Ga. App. 423 (283 SE2d 642) (1981).

In this case the testimony of several witnesses established that Duffy, Cook and Bailey each pursued the victim over a fence and, acting together, beat the victim to death. These concerted actions are sufficient to give rise to an inference of a tacit agreement to act in harmony to complete an aggravated assault. Such an agreement constituted a conspiracy and authorized a jury charge on conspiracy. *Cordova v. State*, 191 Ga. App. 297 (381 SE2d 436) (1989).

As for the appellant's contention that the statements of the other co-conspirators should have been excluded, our rule is that, " ' "[h]earsay statements made by a conspirator during the course of a

malice murder and felony murder on April 26, 1990. Following a jury trial held October 22-24, 1990, the appellant was found guilty of felony murder and sentenced to life imprisonment. His motion for new trial was filed on November 6, 1990, and was denied on November 4, 1991. A notice of appeal was filed on November 4, 1991. The appeal was docketed on November 20, 1991, and was orally argued on February 11, 1992.

conspiracy, including the concealment phase, are admissible against all conspirators. . . ." ' " *Mayne v. State,* 258 Ga. 36 (365 SE2d 270) (1988). Since the trial court correctly concluded that a conspiracy existed, it was not error to admit Shannon's account of Cook's and Bailey's statements against Duffy.

2. Duffy also asserts that the trial court erred when it admitted into evidence Duffy's pretrial statement during the rebuttal testimony given by two GBI agents, and the agents' recounting to the jury of Duffy's statement. It is Duffy's contention that because he was a minor when his statement was given and his statement was made outside the presence or without the assistance of counsel or other responsible adult, the statement should have been suppressed pursuant to OCGA § 15-11-31 (b). OCGA § 15-11-31, however, does not require that one or both parents, or other responsible adult, be present during the questioning of a minor. *Marshall v. State,* 248 Ga. 227 (282 SE2d 301) (1981). There being no other circumstances tending to show that Duffy's statements were otherwise involuntary, we find Duffy's second and fourth enumerations of error to be without merit.

3. Having reviewed the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found Duffy guilty beyond a reasonable doubt of the offenses charged. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 1992.

*Kenneth A. Glenn,* for appellant.

*W. Fletcher Sams, District Attorney, William T. McBroom III, Assistant District Attorney, Michael J. Bowers, Attorney General, Mary H. Hines, Staff Attorney,* for appellee.