A92A1026. BIRCHFIELD v. THE STATE.
(424 SE2d 66)

ANDREWS, Judge.

Birchfield appeals his conviction of trafficking in cocaine (possession of 55.7 grams of 19 percent cocaine) and possession of cocaine (possession of 1.8 grams) occurring on March 30, 1990. He was acquitted of sale of cocaine alleged on March 28, 1990.

Viewed in favor of the verdict, the evidence was that, on March 28, 1990, Birchfield drove his vehicle into a parking lot where he met another vehicle driven by undercover officer Woods. In the car with Birchfield were co-defendant Horsley and Broadwater, who was not charged. Horsley got out of Birchfield's vehicle and into Woods', where he sold her a half ounce of cocaine. Birchfield had parked his vehicle so that the driver's window was adjacent to the driver's window of Woods' car.

Woods then offered to buy more cocaine on March 30 and Horsley asked Birchfield what he could do with $3,000. Birchfield answered "I can get you three for thirty four."[1] On March 30, Woods, accompanied by a second undercover agent, went to a pay phone as instructed by Horsley and called him. Horsley and Birchfield then arrived in a vehicle and got out and approached her. Birchfield asked about the second woman and when told she was Woods' roommate, replied that was alright, he had his gun. The agents then followed the two men to a house where Woods entered with them. Horsley went to a back bedroom and Woods followed. Although Birchfield stopped in the living room to speak to a woman there, when Horsley showed Woods two ounces of cocaine, all they had, Woods looked behind her and saw Birchfield blocking the bedroom door.

---

[1] Three ounces of cocaine purchased for $3,400.

Woods returned to the car where she got $2,700 and summoned other officers. She returned to the bedroom where Birchfield again stood in the doorway. Birchfield informed her that they could get her three ounces later that evening. Also, Birchfield gave her $10 in change for the purchase.

After the two women left, other officers entered the house, finding Horsley in the bedroom with the cash. Officers then entered a bathroom where Birchfield was sitting on the open commode, fully dressed. The water was running in the commode and there was one small package of cocaine about three inches from Birchfield's foot.

1. The first enumeration contends the court's allowing of the playing of the audio tape of the encounter between Woods, Horsley, and Birchfield over his hearsay objection was error as to any part of the conversation in which Birchfield was not involved.

" 'The trial judge may admit testimony by co-conspirators before the conspiracy has been proved, provided that such existence is afterwards shown during the trial. (Cit.)' [Cit.]" *Lee v. State*, 204 Ga. App. 283 (418 SE2d 809) (1992). Here, the State introduced sufficient circumstantial evidence of a conspiracy between Horsley and Birchfield to sell cocaine so that Horsley's statements to Woods in furtherance of that conspiracy were admissible. *Britt v. State*, 202 Ga. App. 689, 690 (2) (415 SE2d 492) (1992).

2. While Birchfield here complains of the giving of a charge by the court concerning consideration of an uncorroborated statement by the accused, he stated below, when asked directly by the court, that he had no objections to the charge.

" 'If . . . the trial court asks if there are objections to the charge, defense counsel must either state his objections or reserve the right to object on motion for new trial or on appeal. [Cits.] Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge. (Cit.)' *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982)." *Bryant v. State*, 256 Ga. 273, 274 (1) (347 SE2d 567) (1986).

3. Birchfield also contends that the court erred in denying his motion for directed verdict. We consider the legal sufficiency of the evidence in such a procedural posture, and there being evidence sufficient to convince any rational trier of fact of the existence of the essential elements of the crime, the judgment is affirmed. *Jackson v. Virginia*, 443 U. S. 307, 310 (99 SC 2781, 61 LE2d 560) (1979); *Baldwin v. State*, 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 20, 1992.

*Charles R. Sheppard*, for appellant.

Michael C. Eubanks, District Attorney, Richard E. Thomas, Daniel W. Hamilton, Assistant District Attorneys, for appellee.