A92A1531. MORGAN v. THE STATE.
(424 SE2d 92)

COOPER, Judge.

Appellant, David Wilson, and appellant's girl friend, Nancy Wendt were indicted for burglary and robbery by force. Appellant and Wilson were also charged with aggravated assault. All of the charges resulted from the assault and robbery of an elderly victim, who was deceased at the time of trial. Appellant and Wendt were tried together, and the jury convicted appellant on all charges and convicted Wendt on two lesser offenses. Appellant appeals from the judgment entered on the conviction and from the denial of his motion for new trial.

The evidence introduced at trial reflects that on December 19, 1990, a police officer responded to a call at the home of the 82-year-old victim. The victim was noticeably shaken and told the officer that he had been asleep in his home when three persons came into his bedroom, put a pair of pants over his head, choked him and demanded money from him. The suspects told the victim that if he did not give them money, they would kill him. After the victim gave the suspects money, the suspects left the house. The crime was assigned to the detective bureau and remained unsolved for several months.

Sometime prior to March 1991, Wendt told her cousin, Pamela Adams, that Wendt went with appellant and Wilson to a doctor's house where appellant told her to get under the car and holler if the police came. Appellant and Wilson then went around to the back of the house and Wendt heard glass break. Wendt stated that she heard the victim wake up and was scared that appellant and Wilson would kill the victim because they were beating him and demanding his money. Wendt told her cousin that she left before appellant and Wilson came out of the house and that the three met later at her residence and Wilson gave her some money.

Adams went to the police and related what Wendt told her, and

based on Adams' statement, appellant and Wendt were arrested. Wendt gave a written statement to the police which was consistent with the events she related to Adams. Appellant also gave a written statement in which he stated that he and Wendt were at home when Wilson came over and asked them to help him with something. The three of them went to the victim's house. Wilson went around to the back of the house and a few moments later came to the front door from inside the house. Wendt waited outside while Wilson and appellant went into the house and into the victim's bedroom where they found the victim asleep. When the victim awoke, Wilson grabbed the victim and demanded his money. Wilson then forced the victim into another room, and the victim got some money out of a drawer and gave it to Wilson. After Wilson released the victim, appellant, Wilson and Wendt left, went to an apartment and split the money. At trial, appellant denied making the statement and denied any participation in the crimes.

1. In his first enumeration of error, appellant contends that the trial court erred in admitting the statement made by Wendt while she was in custody. "In Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968), the United States Supreme Court held that a criminal defendant's Sixth Amendment right to confront witnesses against him was violated by the admission in a joint trial of a confession of a codefendant implicating the defendant, where the codefendant did not testify and the defendant maintained his innocence." *Ballard v. State*, 252 Ga. 53, 54 (1) (311 SE2d 453) (1984). However, the United States Supreme Court has also held that the admission of a codefendant's statement in violation of *Bruton* may be harmless error. See *Schneble v. Florida*, 405 U. S. 427 (92 SC 1056, 31 LE2d 340) (1972). Appellant gave a detailed statement to the police describing his participation in the robbery of and assault on the victim. Although appellant denied making the statement, the trial court ruled that the statement had been freely and voluntarily given. We conclude that appellant's own confession constituted overwhelming evidence of his guilt so that any violation of *Bruton* was harmless beyond a reasonable doubt and does not require a reversal. See *Bell v. State*, 239 Ga. 146 (1) (236 SE2d 47) (1977); *Cochran v. State*, 177 Ga. App. 471 (1) (339 SE2d 749) (1986).

2. Appellant also argues that the trial court erred in allowing Adams to testify about the events Wendt related to her. The State argues that Adams' testimony was admissible under OCGA § 24-3-5 as the declaration of a co-conspirator made during the concealment phase of the conspiracy. OCGA § 24-3-5 provides that "[a]fter the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all." Appellant's own statement to the police was admit-

ted into evidence and established a prima facie case of conspiracy. See *Truitt v. State*, 174 Ga. App. 687 (2) (331 SE2d 64) (1985). Although the trial court allowed Adams to testify prior to the admission of appellant's statement, no challenge is made on appeal to the State's timing of proof of the existence of a conspiracy. See *Duren v. State*, 177 Ga. App. 421 (3) (339 SE2d 394) (1986). Nor do we agree with appellant's argument that Adams' testimony should not have been allowed because Wendt's statement was made three months after the crime. The challenged statement was "not made to police officers and may be said to have been made during the concealment phase of the conspiracy." *Hughes v. State*, 257 Ga. 200, 202 (1) (357 SE2d 80) (1987).

Appellant contends that the trial court erred in not charging the jury that they could not consider Wendt's statement to Adams unless they first found that a conspiracy existed. The record reflects that appellant neither requested such a charge nor voiced an objection at the conclusion of the trial court's charge to the jury. Accordingly, the alleged error has not been preserved for our review. See *Grant v. State*, 185 Ga. App. 497 (5) (364 SE2d 628) (1988).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 2, 1992.

*John P. Cole*, for appellant.

*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Thomas J. Matthews, Assistant District Attorneys*, for appellee.

