A93A1218. GUERRA v. THE STATE.
(435 SE2d 476)

BIRDSONG, Presiding Judge.

Pursuant to grant of a motion for out-of-time appeal, Edwardo Guerra appeals his judgment of conviction of three counts of trafficking in cocaine and the sentence. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evi-

dence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). As to Count 1, there exists evidence that appellant put the triple beam scales on the table and assisted the undercover agent in weighing and rewrapping the cocaine; after the sale, appellant took actual possession of the money. Shortly after appellant and two others left the premises where the drug buy averred in Count 1 had occurred, appellant was seen holding "a stack of money" while riding in the black pickup truck that had been parked approximately 200 feet from the same premises. The truck was driven by a co-defendant. As to Count 2, appellant was in the apartment with his co-conspirators and attempted to flee when the police "bust" commenced. Further, there is evidence of record, as to the trafficking in cocaine by unlawful knowing delivery (Count 2), that the undercover agent was given access to the paper bag containing the drugs, and thereby was placed in at least temporary possession of the bag and its contents, so that he could examine the cocaine prior to sale. As to all three counts, there is evidence that appellant was engaged in a conspiracy to sell drugs with Perez and Roura (the owner of the black pickup truck with a large silver grill behind the cab in which the cocaine in Count 3 was seized), and that the conspiracy was on-going at the time the offenses in Counts 1-3 were committed.

" 'The question of the existence of a conspiracy is ultimately for the jury to determine.' " *Boatwright v. State*, 193 Ga. App. 141, 142 (1) (387 SE2d 386). While mere presence at the crime scene is not sufficient to convict one of being a party to a crime, criminal intent may be inferred from conduct before, during, and after the commission of the crime. *Sands v. State*, 262 Ga. 367, 368 (2) (418 SE2d 55). " 'Presence, companionship and conduct before and after the commission of the alleged offense[s] may be considered by the jury and are circumstances which may give rise to an inference of the existence of a conspiracy.' " *Stroud v. State*, 154 Ga. App. 852 (2) (270 SE2d 69). Further, "[f]light is circumstantial evidence of consciousness of guilt; the weight to be given such evidence is for the jury to decide." *Green v. State*, 206 Ga. App. 42, 44 (3) (424 SE2d 646). "It is not necessary to prove an express agreement between two [or more] co-conspirators in order to prove the existence of a conspiracy. The state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective. [Cit.] Conduct of co-conspirators, i.e., conduct which discloses a common design, may give rise to an inference of a conspiracy." *Duffy v. State*, 262 Ga. 249, 250 (1) (416 SE2d 734). Conspiracy may be proven by direct or circumstantial evidence. See *Harris v. State*, 255 Ga. 500, 501 (2) (340 SE2d 4). "[W]hen individuals associate themselves in an unlawful enterprise, any act done in pursuance of the conspiracy by one or more

of the conspirators is in legal contemplation the act of all." (Citations and punctuation omitted.) *Boatwright*, supra at 142 (1). Circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). The jury rationally could have found that the admissible evidence of record excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of all offenses of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Applying the balancing test of *Roviaro v. United States*, 353 U. S. 53, 62 (77 SC 623, 1 LE2d 639), as adopted by *Thornton v. State*, 238 Ga. 160, 163-164 (231 SE2d 729), we find the trial court did not err in refusing to require the State to disclose the identity of the confidential informant. The record disclosed that, during the sale of cocaine (Count 1), Scott Meyers, the owner of the premises, was at home that day and was aware of what was going on. Neither the State nor the defense elected to call Scott Meyers as a witness. The record does not affirmatively establish that the undisclosed confidential informant witnessed the transfer of cocaine (Count 2). There is some evidence that, although on the premises, the informant "wasn't in that [sale] area when the transaction took place." The record does not establish that the informant participated in either the sale or subsequent transfer of drugs (Counts 1 and 2); the record does not establish that the informant was present when the drugs were placed into the black pickup truck (Count 3). Although appellant elected not to testify in his own behalf, he called as a witness the co-conspirator, Perez, who testified that appellant did not take part in and was unaware of any sale, transfer, or possession of cocaine. According to Perez, appellant was merely present at the first and second crime scene by happenstance and was not criminally involved with the cocaine incidents. Under the existing circumstances, we find that balancing " 'the public interest in protecting the flow of information against the individual's right to prepare his defense' " (*Moore v. State*, 187 Ga. App. 387, 389 (2) (370 SE2d 511); accord *Thornton*, supra; *Roviaro*, supra), the public interest prevails. Compare *Milsap v. State*, 196 Ga. App. 820 (1) (397 SE2d 168) and *Stevens v. State*, 199 Ga. App. 563 (1) (405 SE2d 713) with *Moore*, supra.

3. The trial court did not err in admitting tapes of various conversations between the undercover officer and appellant's co-conspirators.

(a) The evidence of record is sufficient to establish beyond a reasonable doubt the existence of a criminal conspiracy at least between appellant, Perez, and Roura at the time the conversations occurred

and the tapes thereof were made. " ' " '[H]earsay statements made by a conspirator during the course of a conspiracy, including the concealment phase, are admissible against all conspirators.' " ' " *Duffy*, supra at 250-251. At the time these tapes were admitted, circumstantial evidence of conspiracy was before the jury. OCGA § 24-3-5. Further, as in *Morgan v. State*, 206 Ga. App. 132, 134 (2) (424 SE2d 92), no challenge has been made on appeal (or at trial) to the "timing of proof of the existence of a conspiracy," that is, that the tapes were admitted before such proof was before the factfinder. Thus, such challenge has been waived on appeal. Moreover, " ' "[t]he trial judge may admit testimony [or statements] by co-conspirators before the conspiracy has been proved, provided that such existence is afterwards shown during the trial." ' " *Birchfield v. State*, 205 Ga. App. 870, 871 (1) (424 SE2d 66). Compare *Castell v. State*, 250 Ga. 776, 778 (1a) (301 SE2d 234), rev'd on other grounds, 252 Ga. 418 (314 SE2d 210) and *Knight v. State*, 239 Ga. 594, 599 (2) (238 SE2d 390).

(b) A tape, State's Exhibit No. 8, was admitted without objection. Certain objections were posed as to two tapes of the undercover officer's conversation with co-conspirators during the drug transactions (State's Exhibit Nos. 7 and 9). However, appellant subsequently stipulated that Detective Skinner was the person who operated the recording device and that he "knows how to operate a tape recorder." At trial, appellant's counsel stated on the record that he had no foundation objection as to State's Exhibit Nos. 7 and 9. Appellant's counsel clarified on the record that his only remaining objection to the introduction of these tapes was "as to the clarity. It's just a lot of static." The record establishes that, after being made, the tape had not been subject to changes, additions, or deletions, and there is no evidence of tampering. "[T]he fact that a tape is not flawless does not mean that it is inadmissible." *Thomas v. State*, 240 Ga. 393, 399 (2) (242 SE2d 1). Initially, the issue of audibility is addressed to the trial court's discretion and is not per se a disqualifying factor. *Wigfall v. State*, 257 Ga. 585, 586 (2) (361 SE2d 376). While the preferred procedure is for a trial court to review tapes *before* admitting them, this is not mandatory. When tapes are admitted in evidence without prior inspection by the trial court, as apparently occurred in this case, the defense should renew its objections after the tapes are played to the jury, making specific objections as to any deficiencies of such significance as to establish a breach of trial court discretion as to its ruling. In any event, once tapes are admitted in the exercise of trial court discretion, in the absence of a showing of tampering, alteration, or other major deficiency attacking the basic integrity of the recordings, the fact that portions of the tapes are inaudible goes to weight and not admissibility. Moreover, on appeal appellant "does not aver that there was anything favorable to him in that [inaudible] portion of the

tape . . . and we are led to the conclusion that he was not harmed thereby." *Harris v. State*, 237 Ga. 718, 725 (5) (230 SE2d 1).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 23, 1993.

*Joseph C. Iannazzone*, for appellant.
*Daniel J. Porter, District Attorney*, for appellee.