## A94A1403. LYONS v. THE STATE.

(448 SE2d 777)

SMITH, Judge.

Anthony Lyons was convicted by a jury of conspiracy to possess more than an ounce of marijuana.

Construed to support the verdict, the evidence at trial showed that in January 1993, during a routine check of international mail by U. S. Customs Service agents at Miami International Airport, a drug detection dog alerted to a package sent from Jamaica to Lyons at an address in Fayetteville, Georgia. Customs agents opened the package and found it contained wooden cat figurines. When x-rays revealed there was a substance inside the figurines, a hole was drilled in one figurine and the substance inside tested, confirming it was marijuana. The Miami agents then resealed the package and sent it to Agent Brad Luca of the U. S. Customs Service in Atlanta. Luca contacted Deputy Michelle Walker, special agent with the Fayette County Narcotics Unit, and arranged a controlled delivery of the package to the Fayetteville address through the U. S. Postal Service.

The package was delivered to the address on the package and accepted by Delores Bennett, who resides at that address. Lyons, Bennett's nephew, who lives in Atlanta, had visited Jamaica sometime in November. When he returned he telephoned Bennett, told her he was expecting something for his birthday, and asked for and received permission to have it sent to her house because he was in the process of moving. When the package was delivered, Bennett set it aside for Lyons.

Luca, Walker, and other law enforcement officers arrived at the Bennett residence shortly thereafter with a search warrant. They opened the package at Bennett's home, broke the figurines to remove their contents, and took control of the contraband. They replaced the figurines with bricks of approximately the same weight and rewrapped the package. Following the officers' instructions, Bennett then called Lyons several times to let him know his package had arrived. When it became apparent that Lyons would not immediately retrieve the package, Bennett and her husband drove to Atlanta, followed by the officers, to deliver the package to Lyons. After the package had been delivered to Lyons, he was arrested.

Walker testified that she transported the substance taken out of the figurines to the crime lab. Sylvia Guice, a forensic chemist with the GBI Crime Laboratory, testified that she received the substance, packed in five bags, from Walker. Guice conducted an analysis of the material and determined it was marijuana. The parties stipulated that the substance removed from the figurines was marijuana weighing six pounds, fourteen-and-one-half ounces.

1. Lyons contends the trial court erred in admitting the contra-

band because there were fatal breaks in the chain of custody.[1] Specifically, he argues the State failed to demonstrate with reasonable certainty that the substance identified by the Miami customs agents was the substance offered at trial against him. See generally *Lewis v. State*, 198 Ga. App. 808 (1) (403 SE2d 233) (1991). We do not agree.

When the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981). Here, however, the contraband was secreted inside wooden cat figurines when the package arrived in Atlanta; it was not fungible at that point because the figurines were easily identifiable. The State introduced into evidence photographs taken during the process of extracting the contraband from the figurines. These photographs show it was necessary for the officers to substantially destroy the figurines in order to remove the marijuana, demonstrating clearly that no significant tampering could have taken place prior to the arrival of the figurines at the Bennett residence.

The State's burden was to show with reasonable certainty there was no tampering with or substitution of the substance removed from the figurines. This was demonstrated at trial through the testimony of Walker and Guice. The trial court correctly admitted this evidence over Lyons' objection. See *Elam v. State*, 211 Ga. App. 739, 740 (1) (440 SE2d 511) (1994).

2. Lyons maintains the evidence was insufficient to support his conviction because the elements of a conspiracy were not proved beyond a reasonable doubt.

"A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8. The Georgia Supreme Court has explained that a conspiracy is a corrupt agreement between two or more persons to do an unlawful act. *Sentell v. State*, 227 Ga. 153, 156 (179 SE2d 234) (1971). It is not necessary, however, that another person be indicted with the defendant for a conspiracy to exist. *Mize v. State*, 173 Ga. App. 368 (2) (326 SE2d 785) (1985). The question of conspiracy is one for the jury. *Guerra v. State*, 210 Ga. App. 102, 103 (435 SE2d 476) (1993).

A conspiracy may be shown by direct or circumstantial evidence, id., and may be demonstrated by acts and conduct as well as by direct proof of express agreement. Circumstantial evidence need not exclude *every* inference save that of the defendant's guilt; it must exclude

---

[1] We note that contrary to Lyons' argument, the fact that the package was unattended for approximately an hour in the Bennett residence before the officers' arrival is irrelevant, since the package remained unopened.

only *reasonable* hypotheses. Id. at 104.

Here, the officers testified that Bennett appeared surprised and unhappy upon learning of the package's contents. Lyons claimed not to know the person in Jamaica whose name was listed in the return address and denied arranging to have marijuana sent to him. Even in criminal cases, however, an alleged conspirator cannot remove the question of conspiracy from the jury merely by swearing that he did not conspire. *John D. Stephens, Inc. v. Gwinnett County*, 175 Ga. App. 379, 386 (4) (333 SE2d 396) (1985).

The jury was authorized to believe that the only reasonable inference possible from the circumstantial evidence presented was that Lyons arranged with someone in Jamaica to mail a package containing marijuana to him at his aunt's address. The evidence was sufficient to support Lyons' conviction under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Lyons' contention regarding the court's charge on reasonable doubt is controlled adversely to him by the opinion of this court in *Edwards v. State*, 214 Ga. App. 383 (448 SE2d 51) (1994). See *Lloyd v. State*, 214 Ga. App. 564 (448 SE2d 729) (1994).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 26, 1994.

*Maloy & Jenkins, W. Bruce Maloy,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Randall K. Coggin, Assistant District Attorney,* for appellee.