A04A1405. SEXTON v. THE STATE.
(605 SE2d 103)

MILLER, Judge.

A jury found John Cleve Sexton guilty of conspiracy to commit murder, aggravated stalking, terroristic threats, and other offenses relating to a plot to kill Sexton's estranged wife. On appeal Sexton argues that the trial court erred in denying his motion for a directed verdict. We discern no error and affirm.

The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption

of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Footnotes omitted.) *Armour v. State,* 265 Ga. App. 569-570 (1) (594 SE2d 765) (2004). Viewed in the light most favorable to the verdict, the evidence showed that Sexton wanted to kill his wife because he did not want her to have custody of their daughter. Sexton discussed various plans to carry out the murder with his friend, E. E., who was to assist in the plot. One of the plans was for E. E. to lure Sexton's wife to E. E.'s home where Sexton would tie her up and inject enough crack cocaine into her body to cause her to overdose. At one point, Sexton set the date of July 10 to carry out the murder and brought medical syringes to E. E.'s home to demonstrate how he would use them to kill his wife. Sexton subsequently asked E. E. to destroy the syringes so that the police would not find them. E. E. also drove around with Sexton to follow Sexton's wife and to observe her daily schedule. After having several conversations with Sexton, E. E. became concerned that Sexton was serious about murdering his wife, and he contacted police who set up a recording device in E. E.'s home. With E. E.'s assistance, police recorded several conversations between E. E. and Sexton where Sexton discussed plans to kill his wife.

1. In three related enumerations of error, Sexton contends that the court erred in denying his motion for a directed verdict on the charge of conspiracy to commit murder. More specifically, Sexton argues that there was (1) no evidence that he intended to kill his wife; (2) no agreement between two or more people to kill his wife, since E. E. attempted to discourage Sexton from committing the murder; and (3) no overt act to establish the conspiracy charge.

Count one charged Sexton with conspiring with E. E. to commit the murder of Sexton's wife by planning the murder and providing medical syringes for carrying out the murder. Under OCGA § 16-4-8, "[a] person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." Two elements are necessary for the crime of conspiracy: an agreement and an act in furtherance of it. *McCright v. State,* 176 Ga. App. 486 (1) (336 SE2d 361) (1985). "It is not necessary to prove an express agreement between two co-conspirators in order to prove the existence of a conspiracy. The [S]tate need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective." (Citation omitted.) *Duffy v. State,* 262 Ga. 249, 250 (1) (416 SE2d 734) (1992).

The evidence here showed that on several occasions Sexton discussed his plans to kill his wife with E. E., and sought his assistance in carrying out the plan. Sexton's argument that he only engaged in such discussions because of prodding by E. E. (who was assisting the police in obtaining recorded conversations) is without merit. Before E. E.'s cooperation with police, E. E. and Sexton had several conversations about Sexton's plan to commit the murder, and the two even followed Sexton's wife to observe her daily whereabouts. The fact that E. E. participated in executing the plans by following Sexton's wife is evidence from which a jury could conclude that, at least at some point, E. E. and Sexton had come to a mutual understanding that they were on a mission to murder Sexton's wife. Sexton's argument that there was no evidence of an overt act on his part because he had the syringes destroyed ignores the fact that he *acquired* the syringes for the purpose of carrying out the murder. Thus there was sufficient evidence for the jury to conclude that Sexton conspired with E. E. to murder his wife. There was also sufficient evidence that Sexton committed the overt act of obtaining syringes to be used in carrying out the murder — syringes that he attempted to hide from law enforcement at E. E.'s home. Cf. *Presley v. State*, 251 Ga. App. 823, 826 (2) (b) (555 SE2d 156) (2001).

2. In his fourth enumeration of error, Sexton argues that the evidence was insufficient to sustain the aggravated-stalking and terroristic-threats counts. However, evidence that Sexton followed his wife in violation of a temporary restraining order was sufficient to sustain his conviction for aggravated stalking. OCGA § 16-5-91 (a). In addition, the evidence that Sexton used the threat of killing his wife to force E. E. to participate in the murder plot (by making E. E. believe that he would kill him if he did not participate) sufficed to sustain the conviction for terroristic threats. See OCGA § 16-11-37 (a).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 23, 2004.

*Ronald L. Beckstrom*, for appellant.
*J. David Miller, District Attorney, Brian A. McDaniel, Assistant District Attorney, Pope & Jewell, Robert D. Jewell*, for appellee.