## A02A1801. PEREZ-CASTILLO v. THE STATE.
### (572 SE2d 657)

BLACKBURN, Chief Judge.

Following a jury trial, Edwin Perez-Castillo appeals his conviction for trafficking in more than fifty pounds of marijuana, contending in two related enumerations of error that the jury should not have been instructed to consider the doctrine of "deliberate ignorance" and, in the absence of this doctrine, the evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Newman v. State*.[2]

Viewed in this light, the record shows that, on September 17, 1997, California police intercepted two boxes from the mail containing approximately eighty-two pounds of marijuana. The boxes were addressed to a Bob Cliff residing at 692 Sheffield Road in Norcross, Georgia. California police then informed their counterparts in Norcross, Georgia, about the marijuana, and, on September 18, 1997, Norcross police took custody of the packages.

On September 19, 1997, Gwinnett County police made a controlled delivery of the packages. At the address listed on the boxes, Castillo answered the door. The undercover police officer announced that he had a package for Mr. Cliff, and Castillo responded, "Bob Cliff." Castillo then signed the name "Bob Cliff" in the appropriate box indicating acceptance of delivery and printed the name "Jose Resimos" in another area. Shortly after the delivery of the packages, Castillo was arrested while trying to drive away from the premises. The home was then searched, and the marijuana was recovered from the living room and the bathroom.

After questioning, Castillo admitted that he accepted the boxes

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Newman v. State*, 233 Ga. App. 794 (1) (504 SE2d 476) (1998).

for Wilfrido Escutia, who previously pled guilty to a trafficking charge. Castillo recounted that Escutia told him to use an American name to sign for the boxes. In addition, both Castillo and Escutia tracked the boxes while they were in transit, and, after the delivery, Castillo would meet Escutia in a public restroom at a department store to deliver the boxes. Following delivery, Castillo would meet Escutia at yet another location to be paid approximately $200 per box for accepting delivery.

Although Castillo stated that he did not know that the boxes contained contraband, he gave varying accounts about the contents to different people. At trial, he maintained at one point that he had no idea what was in the boxes. Then, he changed his testimony and said that he believed they contained videotapes containing English lessons. Prior to trial, however, he had told his sister that the packages contained coffee and leather goods sent to him by his mother from Mexico.

When asked, Castillo opined that he did not find anything suspicious about his arrangements with Escutia. He stated that he did not find it at all odd that Escutia paid him such a large sum to collect the packages, and he was not concerned about the furtive nature of their transactions.

This evidence was sufficient to support Castillo's conviction. OCGA § 16-13-31 (c) provides: "Any person who knowingly sells, manufactures, grows, delivers, brings into this state, or has possession of a quantity of marijuana exceeding 50 pounds commits the offense of trafficking in marijuana." Castillo contends that his conviction was unwarranted because there was no evidence that he had any knowledge about the contents of the packages he accepted.

There was, however, circumstantial evidence upon which the jury could conclude that Castillo knew that he was accepting illegal contraband and remained deliberately ignorant of the exact contents of the packages. As the Eleventh Circuit Court of Appeals has pointed out:

> Under . . . binding precedent in this Circuit, the knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance. This Court has consistently recognized deliberate ignorance of criminal activity as the equivalent of knowledge. The deliberate ignorance instruction is based on the alternative to the actual knowledge requirement at common law that if a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge. Although we recognize that the delivery of such an instruc-

tion is proper only in those comparatively rare cases where there are facts that point in the direction of deliberate ignorance, we are satisfied that there was sufficient evidence in this case to warrant an instruction on deliberate ignorance.

(Citations and punctuation omitted.) *United States v. Prather.*[3]

Castillo contends, nonetheless, that the trial court erred in charging the jury regarding his deliberate ignorance of the contents of the packages he accepted. "A deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." (Punctuation omitted.) *United States v. Schlei.*[4]

The trial court charged the jury:

The element of knowledge, intent, may be satisfied by inferences drawn from proof that a defendant deliberately closed his eyes to what would otherwise have been obvious to him. A finding beyond a reasonable doubt of conscious purpose to avoid enlightenment would permit an inference of knowledge. Stated another way, a defendant's knowledge of a fact may be inferred from willful blindness to the existence of the fact. Again, whether or not you draw any such inference is a matter solely within your discretion.

Castillo maintains that this instruction is faulty because it obviates the State's burden of proving that he had actual knowledge of the contents of the packages. This argument, however, is myopic. If we were to accept Castillo's argument, we would be granting protection to trafficking middlemen like Castillo, allowing them to escape prosecution simply by stating that they did not know the specific contents of the packages they were accepting, despite the obvious conclusion that they were dealing in contraband.

In this case, Castillo accepted packages for which he would not sign his own name. Indeed, he used two aliases when accepting them. Then, pursuant to his plans with Escutia, he delivered the packages covertly in a department store bathroom, and he had to wait to be paid hundreds of dollars for his courier services at yet another location. This is exactly the sort of deliberate ignorance of undeniably shady transactions that should not be tolerated.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[3] *United States v. Prather*, 205 F3d 1265, 1270 (II) (A) (11th Cir. 2000).

[4] *United States v. Schlei*, 122 F3d 944, 973 (II) (D) (11th Cir. 1997).

636

DECIDED SEPTEMBER 27, 2002 — 

*Clark & Towne, Wystan B. Getz,* for appellant.
*Daniel J. Porter, District Attorney, Gregory D. McKeithen, Donald P. Geary, Assistant District Attorneys,* for appellee.