A08A0949. TAYLOR v. THE STATE.
(667 SE2d 405)

JOHNSON, Presiding Judge.

A jury found Angela Williams Taylor guilty of forgery in the first degree (OCGA § 16-9-1). Taylor appeals, alleging that the verdict was not supported by sufficient evidence and that the trial court erred in denying her motion for a directed verdict. Taylor also claims that her trial counsel was ineffective and that the trial court erred (i) by charging the jury regarding "willful blindness" and by refusing to charge the jury regarding mistake of fact; (ii) by allowing the state to

552

impeach her with a pending traffic court citation; and (iii) by excluding testimony from the arresting police officer regarding statements that Taylor made to him. We discern no error and affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

So viewed, the record shows that just before 5:00 p.m. on Friday, September 22, 2006, Taylor presented a bank teller with documents purporting to be American Express Gift Cheques valued at $5,000. The teller suspected that the documents might be counterfeit, so he took them to his manager to verify their authenticity. The manager contacted American Express and confirmed, based on the serial numbers printed on the documents, that they were fraudulent.

Taylor claimed that she had received the counterfeit documents from a man named Henry Lawson, with whom she had come into contact through a website called ChristianCupid.com. According to Taylor, Lawson had gone to Nigeria to visit his sick mother, and she had sent him $100 to help with his expenses. Taylor claimed that shortly thereafter, Lawson told her he was going to send her the gift checks and that she should cash the checks, wire $4,400 to him, and keep the $600 balance as a repayment of the $100 loan and as a "gift of thanks" for supporting him.

1. Taylor claims that the evidence was insufficient to support her conviction and that the trial court therefore erred in denying her motion for a directed verdict. We disagree.

The standard for reviewing both a challenge to the sufficiency of the evidence and a denial of a motion for a directed verdict of acquittal is whether under the rule of *Jackson v. Virginia*,[3] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[4]

Here, undisputed evidence showed that Taylor delivered counterfeit checks to the bank teller with the intent of exchanging them for $5,000. While Taylor claims that the state failed to establish that she had the intent to defraud, intent may be proved by circumstantial, as well as direct, evidence.[5] For example, evidence showed that

[1] *Dumas v. State*, 239 Ga. App. 210, 210-211 (1) (521 SE2d 108) (1999).

[2] *Watley v. State*, 281 Ga. App. 244, 248 (4) (635 SE2d 857) (2006).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[5] See *Johnson v. State*, 211 Ga. App. 151, 152 (438 SE2d 657) (1993) (affirming forgery conviction where jury rationally could have found that, despite defendant's claims that he did

Taylor attempted to cash the checks on a Friday afternoon shortly before the bank closed — which is, according to bank employees, a time when banks see an increase in attempted fraud. In addition, decisions regarding the credibility of witnesses "are uniquely the province of the trier of fact."[6] Here, the jury may have found Taylor's testimony to be unbelievable, especially since a portion of her testimony (relating to her claim that Lawson called her on her cell phone while the police were interviewing her) was disputed by the testifying officer.

Even if the jury accepted Taylor's claim that she did not know the checks were counterfeit, "the knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance."[7] Here, Taylor admitted that she did nothing to confirm the validity of the checks, nor did she question Lawson as to why he could not cash the checks himself. The jury could have found that, had Taylor examined the checks, she would have noted that security features such as the hologram and watermark did not match the descriptions provided on the reverse side of the checks and that the appearance of the word "VOID" on the checks showed that they were copies.

Based on the foregoing, we find that the evidence presented was sufficient for a reasonable jury to determine that, at the very least, Taylor remained deliberately ignorant of the fraudulent nature of the checks. As a result, the trial court did not err in denying Taylor's motion for a directed verdict.[8]

2. Taylor claims that her trial counsel was ineffective in that he (i) failed to subpoena two character witnesses; (ii) failed to introduce copies of certain e-mails between Taylor and Lawson; and (iii) opened the door to an attack on Taylor's credibility.

To prevail on a claim of ineffective assistance of counsel, Taylor must show her counsel's performance was deficient and the deficiency so prejudiced her that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.[9] Taylor must also overcome the strong presumption that counsel's performance fell within the broad range of reasonable professional conduct.[10] The trial court ruled that Taylor failed to

---

not know money order was counterfeit, evidence excluded "every reasonable hypothesis except that of defendant's guilt").

[6] Harrison v. State, 283 Ga. 518, 520 (661 SE2d 536) (2008).

[7] Perez-Castillo v. State, 257 Ga. App. 633, 634 (572 SE2d 657) (2002).

[8] See generally Hash v. State, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[9] Rouse v. State, 290 Ga. App. 740, 741 (1) (660 SE2d 476) (2008).

[10] See Buice v. State, 239 Ga. App. 52, 60 (6) (520 SE2d 258) (1999) ("We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined

establish that her counsel's performance was deficient or that she had been prejudiced by any deficiency, and this Court will not disturb a trial judge's findings as to deficient performance unless clearly erroneous.[11]

Despite Taylor's claims that her trial counsel's performance was deficient in that he did not subpoena two character witnesses who failed to appear during trial, Taylor did not name or present such character witnesses at the hearing on her motion for new trial. As a result, "the content of their testimony is mere speculation," and Taylor cannot meet her burden of affirmatively showing how counsel's failure to subpoena the witnesses affected the outcome of her case.[12]

Taylor also challenges her trial counsel's failure to pursue the introduction of copies of certain e-mails between her and Lawson after the trial court informed him that he would have to lay a proper foundation prior to such introduction. While Taylor maintains that copies of the e-mails were tendered at the hearing on her motion for new trial, they are not included in the record. According to the trial court, the e-mails do not reference the agreement for her to cash the checks in exchange for $600 and that everything contained in the e-mails was covered by Taylor in her testimony. Taylor is therefore unable to show any prejudice by counsel's failure to introduce the e-mails.[13]

Taylor contends that her trial counsel's performance was also deficient in that he inartfully asked her if she previously had been "charged" with a crime when he should have asked whether she had been "convicted." As a result of this misstatement (and Taylor's response that she had never been charged with a crime), the state was able to impeach her with evidence that she had previously been charged with failure to yield to a police car. Taylor was able to explain at trial, however, that she did not think the question pertained to a traffic violation, and the trial court found that there was no reasonable likelihood that such testimony affected the outcome of the trial. Such finding was not clearly erroneous, and we therefore discern no error.[14]

---

the proper functioning of the adversarial process that the trial could not reliably have produced a just result.") (citation and punctuation omitted).

[11] *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

[12] *Turner v. State*, 253 Ga. App. 760, 764 (6) (560 SE2d 539) (2002).

[13] See *Brown v. State*, 179 Ga. App. 280, 282 (346 SE2d 85) (1986) (exclusion of evidence was harmless where it was merely cumulative of other testimony and court had no way of "knowing what the substance of the evidence was").

[14] See *Kilpatrick*, supra, 252 Ga. App. at 902 (1).

3. Taylor alleges that the trial court erred in charging the jury regarding "willful blindness" and by refusing to charge the jury regarding mistake of fact. At trial, however, Taylor's only objection to the jury charges related to the refusal to charge on mistake of fact. As a result, Taylor has waived any objection to the charge that "a defendant's knowledge of a fact may be inferred from wilful blindness to the existence of that fact." Even were it otherwise, however, such charge was appropriate.[15]

We also find that the trial court was not required to charge as to mistake of fact. Even where an accused's sole defense is mistake of fact, such charge is not required where it is not authorized by the evidence.[16] The Supreme Court of Georgia has held that "mistake of fact constitutes a defense to a criminal charge only if it is not superinduced by the fault or negligence of the [defendant]."[17] Here, the trial court did not err in determining that if Taylor was truly mistaken regarding the authenticity of the checks, her own negligence in failing to question Lawson or examine the security features of the checks caused such mistake.

4. Taylor claims that the trial court erred in allowing the state to impeach her with the pending traffic court citation. At trial, counsel did not object to the questioning regarding the nature of the citation or Taylor's confusion in previously stating that she had never been charged with a crime. Instead, counsel objected to questioning as to whether Taylor was claiming that she was not intentionally guilty of the traffic offense, just as she claimed that she was not intentionally guilty of forgery. Given that the admissibility of evidence is a matter largely within the discretion of the trial court[18] and that the state was entitled to a "thorough and sifting cross-examination" of Taylor related to her claim that she lacked the intent to commit a crime,[19] the trial court did not err in permitting the state to question Taylor regarding her intent to commit the traffic offense.

---

[15] See *Perez-Castillo*, supra, 257 Ga. App. at 634 ("The deliberate ignorance instruction is based on the alternative to the actual knowledge requirement at common law that if a party has his suspicions aroused but then deliberately omits to make further enquiries, because he wishes to remain in ignorance, he is deemed to have knowledge.").

[16] *Gunter v. State*, 155 Ga. App. 176, 177 (3) (270 SE2d 224) (1980).

[17] (Citation and punctuation omitted.) *Hines v. State*, 276 Ga. 491, 494-495 (5) (578 SE2d 868) (2003); see also *Gabriel v. State*, 280 Ga. 237, 240 (5) (626 SE2d 491) (2006) (no charge on mistake of fact required where defendant made no attempt to determine source of noise before shooting); *Lummus v. State*, 274 Ga. App. 636, 637-638 (2) (618 SE2d 692) (2005) (no charge on mistake of fact required where defendant made no attempt to verify claim that property was abandoned before taking it), rev'd on other grounds, *McCart v. State*, 289 Ga. App. 830, 832-833 (1) (658 SE2d 465) (2008).

[18] *Simmons v. State*, 282 Ga. 183, 187 (10) (646 SE2d 55) (2007).

[19] OCGA § 24-9-64.

5. Finally, Taylor claims that the trial court erred in preventing her from eliciting testimony from a police officer regarding statements that she made at the time of her arrest. Taylor maintains that in such statements she explained how Lawson had mailed her the checks and asked her to cash them on his behalf. The general rule, however, is that a witness' testimony cannot be fortified or corroborated by her own prior consistent statements.[20] "It can scarcely be satisfactory to any mind to say that, if a witness testifies to a statement today under oath, it strengthens the statement to prove that [she] said the same thing yesterday when not under oath."[21] Because the testimony at issue was merely cumulative of that provided under oath by Taylor, the trial court did not err in excluding it.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2008 — 

*James W. Gibert*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.

---

[20] See *Stephens v. State*, 156 Ga. App. 859, 860 (3) (275 SE2d 758) (1980).
[21] (Citation and punctuation omitted.) *Parker v. State*, 162 Ga. App. 271, 274 (5) (290 SE2d 518) (1982).