**SECOND DIVISION
BARNES, P. J.,
MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 6, 2013**

# In the Court of Appeals of Georgia

A13A2262. GARCIA-MALDONADO v. THE STATE.                    BA-084C

BARNES, Presiding Judge.

Following a joint trial, a jury found the appellant, Agustin Garcia-Maldonado, and his two co-defendants, Lucio Flores and Fedrico Venegas Lopez, guilty of trafficking in methamphetamine. Flores and Lopez also were found guilty of possession of a firearm during the commission of a felony. In *Flores v. State*, 308 Ga. App. 368 (707 SE2d 578) (2011), we affirmed Flores' convictions but reversed Lopez's convictions for lack of sufficient evidence. Garcia-Maldonado now appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support his drug trafficking conviction. Upon our review, we affirm.

Following a criminal conviction, we construe the evidence in the light most favorable to the jury's verdict. *Sidner v. State*, 304 Ga. App. 373, 374 (696 SE2d 398) (2010). "We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation and punctuation omitted.) Id. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

As set forth in our opinion in *Flores*, when viewed in the light most favorable to the prosecution, the record in this case shows that on June 20, 2008,

> police officers arrested an individual for allegedly trafficking in methamphetamine [and] then, the same day, sought his assistance as a confidential informant in other investigations. With an officer present, the confidential informant engaged in a telephone conversation via speaker phone with what sounded to the officer to be a Spanish-speaking male. After the conversation ended, the confidential informant, the officer and two other officers drove the confidential informant's vehicle and an unmarked police vehicle to a motel, where the officers began a surveillance of the motel parking lot; the surveillance lasted about an hour. During the surveillance, the confidential informant engaged in another phone conversation with what sounded to an officer to be a Spanish-speaking male. After that phone

call concluded, a green vehicle entered the parking lot. The driver of that vehicle, Garcia-Maldonad[o], parked it and remained inside.

Three to four minutes later, a black vehicle entered the parking lot and drove in front of the room where the informant was standing, approximately 150 feet away from the green vehicle. When the informant approached the black vehicle and made contact with its occupants, officers moved in and pulled the occupants out of both vehicles.

Flores was the driver of the black vehicle, and Lopez was the passenger. Officers found a handgun on the driver's side floorboard, and a handgun on Lopez's person. They found no drugs in the black vehicle.

In the green vehicle, in a container under the driver's seat, officers found 446.74 grams[, or approximately one pound,] of methamphetamine. Garcia-Maldonad[o] told one of the officers at the scene that the vehicle was not his, that he did not know what was in the vehicle, and that he was being paid to drive the vehicle. Police established that both vehicles were registered in names other than the defendants' names. At trial, all three defendants used interpreters to translate what was being said in the proceedings from English to Spanish and vice versa.

[Flores and Lopez did not testify. In contrast,] Garcia-Maldonad[o] testified that Flores had agreed to lend him [$500] if he did Flores a "favor," which was to drive the vehicle. As Flores had

instructed, Garcia-Maldonad[o] met him at a gas station to get the vehicle. There, Flores gave Garcia-Maldonad[o] keys to the vehicle, instructed him on where to drive and park, and then led him to the motel. Garcia-Maldonad[o] added that "sometimes they were behind me and sometimes they were in front of me," and that he was able to arrive before Flores because he "got ahead of them" and knew where he "needed to go."

A police officer with experience and specialized training in narcotics investigations testified that with an "advance[d] drug dealer, which is anything more than an ounce" of drugs, there is usually a second car, so that the dealers and the drugs are not in the same car. "[T]hey don't want to mix both of them together, be taken down and . . . lose everything."

(Footnote omitted.) *Flores*, 308 Ga. App. at 369-370 (1).

On appeal, Garcia-Maldonado contends that the evidence was insufficient to support his conviction for trafficking in methamphetamine. He argues that the State failed to prove that he knowingly possessed the methamphetamine found underneath the driver's seat of the green vehicle which he drove to the motel, and that his mere presence in the vehicle and spatial proximity to the drugs was insufficient to support a finding that he was in constructive possession of the contraband. We disagree.

4

"Any person who knowingly . . . has possession of 28 grams or more of methamphetamine . . . commits the felony offense of trafficking in methamphetamine." OCGA § 16-13-31 (e) (2008).[1] "It is not necessary that a defendant have actual and exclusive possession of the contraband; possession may be joint and constructive." *Osorio v. State*, __ Ga. App. __ (1) (Case No. A13A1015, decided Sept. 12, 2013). "A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it," and if two or more persons "share . . . constructive possession of a thing, possession is joint." (Citation and punctuation omitted.) *Cochran v. State*, 300 Ga. App. 92, 94 (1) (a) (684 SE2d 136) (2009). So long as there is "slight evidence of access, power, and intention to exercise control or dominion over the [contraband], the question of fact regarding [joint] constructive possession remains within the domain of the trier of fact." *Evans v. State*, 185 Ga. App. 805, 806 (366 SE2d 165) (1988).

[1] The General Assembly amended subsection (e) of OCGA § 16-13-31, effective July 1, 2013, see Ga. L. 2013, p. 222, § 4/HB 349, to omit the word "knowingly," but that amendment does not apply in the present case because the underlying offense occurred in 2008. See id. § 21 ("This Act shall become effective on July 1, 2013, and shall apply to offenses which occur on or after that date. Any offense occurring before July 1, 2013, shall be governed by the statute in effect at the time of such offense.").

5

Applying these principles, we conclude that the jury was authorized to find that Garcia-Maldonado was in joint constructive possession of the methamphetamine found under the seat of the vehicle he was driving. The evidence showed that Garcia-Maldonado met Flores in the parking lot of a gas station shortly before the drug transaction, where he was given the keys to the green vehicle containing the approximately one-pound of methamphetamine and was instructed where to drive and park; that he arrived at the scene of the drug transaction first, parked the green vehicle, and appeared to wait for the second vehicle; that he was the driver and sole occupant of the green vehicle in which the drugs were stashed; and that, by his own admission, he had been offered a large sum of money to drive the green vehicle to the motel. This combined evidence, particularly in conjunction with the experienced officer's testimony that large drug transactions often involve the use of two cars by drug dealers, was sufficient to authorize Garcia-Maldonado's drug trafficking conviction. See, e.g., *Aguilera v. State*, 320 Ga. App. 707, 713 (2) (740 SE2d 644) (2013) (affirming conviction for trafficking in cocaine where there was evidence from which jury could infer that defendant, who was the driver of the vehicle containing the cocaine, had knowingly ferried the drugs necessary for the drug transaction). See generally *Floyd v. State*, 207 Ga. App. 275, 282 (2) (b) (427 SE2d 605) (1993) ("It

6

is a reasonable inference that, as the driver, [the defendant] was in control of the vehicle and had knowledge of its contents.").[2]

Garcia-Maldonado, however, contends that the circumstantial evidence supported the reasonable alternative hypothesis that he did not knowingly transport the methamphetamine. See former OCGA § 24-4-6 ("To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.").[3] According to Garcia-Maldonado, the evidence supported the alternative hypothesis that he believed he was simply delivering the green vehicle to the motel as a favor for Flores in return for receiving a $500 loan. Again, we are unpersuaded.

---

[2] In *Flores*, 308 Ga. App. at 373 (4), we held that there was insufficient evidence to convict Lopez of trafficking in methamphetamine. As we explained, "[t]he evidence showed nothing more than Lopez's presence in the [black] vehicle [driven by] Flores," and there was no other evidence showing any "meaningful connection between Lopez and the drugs." Id. But the evidence against Lopez was far weaker than the evidence against Garcia-Maldonado, who, among other things, was the driver and sole occupant of the green vehicle containing the drugs, as discussed above.

[3] Because the present case was tried in June 2009, the new Georgia Evidence Code does not apply. See Ga. Laws 2011, Act 52, § 101 ("This Act shall become effective on January 1, 2013, and shall apply to any motion made or hearing or trial commenced on or after such date.").

"Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury." (Citation and emphasis omitted.) *Howard v. State*, 291 Ga. App. 386, 388 (662 SE2d 203) (2008). Based on the evidence previously discussed, the jury was entitled to reject as unreasonable Garcia-Maldonado's alternative hypothesis that he believed he was simply delivering a vehicle to the motel. In this regard, the jury could have found that given the high street value of the methamphetamine in the green vehicle, Garcia-Maldonado would not have been permitted to drive the vehicle alone to the motel unless he was a trusted accomplice. See *Arellano v. State*, 289 Ga. App. 148, 150 (1) (a) (656 SE2d 264) (2008) (significant street value of methamphetamine found in vehicle undermined any claim by defendant driver that he did not knowingly possess the methamphetamine). Furthermore, the jury could have found that Garcia-Maldonado's testimony that Flores agreed to provide him $500 for merely driving the green vehicle to the motel strained credulity and instead reflected that Garcia-Maldonado knew that he was being compensated for assisting in a high-stakes drug transaction.

Alternatively, "the knowledge element of a violation of a criminal statute can be proved by demonstrating either actual knowledge or deliberate ignorance of

criminal activity." (Citations and punctuation omitted.) *Able v. State*, 312 Ga. App. 252, 258 (3) (718 SE2d 96) (2011). Under the concept of "deliberate ignorance," the requisite knowledge can be shown where a defendant "has his suspicions aroused but then deliberately omits to make further enquiries[] because he wishes to remain in ignorance." (Citation and footnote omitted.) *Perez-Castillo v. State*, 257 Ga. App. 633, 634 (572 SE2d 657) (2002). See also *Huckabee v. State*, 287 Ga. 728, 734 (6) (b), n.7 (699 SE2d 531) (2010) (charge on deliberate ignorance appropriate "when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution") (citations and punctuation omitted). Here, in light of the evidence previously discussed, the jury was authorized to find that Garcia-Maldonado acted with deliberate ignorance to the extent that he drove the green vehicle without question to the motel in return for a promise of $500.

For these combined reasons, we conclude that a rational jury was entitled to find Garcia-Maldonado guilty beyond a reasonable doubt of trafficking in methamphetamine. *Jackson*, 443 U. S. 307. Accordingly, there was sufficient

evidence to support the verdict, and the trial court did not err in denying Garcia-Maldonado's motion for new trial.

*Judgment affirmed. Miller and Ray, JJ., concur.*